# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEVE ALLEN STRANGE,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:19cv440-MW/CAS**

**CHRISTOPHER EDELEN, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, has recently filed an amended civil rights complaint, ECF No. 13, and a motion requesting a preliminary injunction or a temporary restraining order, ECF No. 12. Plaintiff's motion has been considered first.

Plaintiff requests issuance of an order which would require the Department of Corrections to "turn off all J-Pay owned communications systems . . . . within the State of Florida." ECF No. 12 at 1. Plaintiff contends the order is needed "to ensure Plaintiff remains safe, along with Plaintiff's family . . . ." *Id.* However, Plaintiff's motion does not

demonstrate how the communications systems is unsafe, or at least, endangers his safety.

Plaintiff also provided no facts within the motion that demonstrate he faces irreparable harm.  Plaintiff is incarcerated at Charlotte Correctional Institution, ECF No. 12 at 4, and none of the named Defendants are located there.  All named Defendants are located at Taylor Correctional Institution.  ECF No. 13 at 2.  Additionally, Plaintiff's motion for a preliminary injunction was not directed to a specific person named as a Defendant in this action.  Plaintiff has not identified a particular person to whom an injunction should be directed.  Furthermore, any request for relief must be within a named Defendant's ability to provide.  One warden at one institution lacks the ability to provide relief throughout the entire State.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). To be entitled to a preliminary injunction, a plaintiff must demonstrate all four prerequisites. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)). In this case, Plaintiff provided only conclusory assertions rather than factual allegations. His motion is insufficient to demonstrate entitlement to relief.

Moreover, Plaintiff's complaint requests injunctive relief as well as compensatory and punitive damages. ECF No. 13 at 11-12. The availability of monetary damages means that Plaintiff has not shown irreparable injury. Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily

against a claim of irreparable harm."). Thus, for all these reasons, Plaintiff's motion for a preliminary injunction should be denied.

Plaintiff's amended complaint has also been reviewed. ECF No. 13. Plaintiff alleges that in October 2018, he was threatened by a gang member. ECF No. 13 at 6. When Plaintiff returned to his dormitory, he was attacked by gang members. *Id.* Plaintiff acknowledges, however, that he "remained silent" about concerns for his safety, *id.*, and there is no indication within the complaint that he alerted any prison official to his concerns or a need for protection from gang members. Plaintiff alleges that after another altercation with a gang member in February 2019, he was transferred to a different housing assignment "due to gang" affiliations. *Id.* at 6-7.

In March 2019, Plaintiff states that he attempted to mail a letter to the Philadelphia Trumpet in which he provided information about the "unsecure" J-Pay system. ECF No. 13 at 7. Plaintiff alleges that his letter was returned with an "unauthorized mail return" receipt and his "valid unused postal stamp" was torn off the returned envelope. *Id.* Plaintiff suggests there were irregularities with his returned mail. *Id.* Although he was informed by Defendant Kitzmiller that the "mail was sent out and

returned as undeliverable," Plaintiff contends that Defendants Kitzmiller and Edelen violated his constitutional rights. *Id.* at 8.

In May 2019, Plaintiff states that he filed a grievance in which he requested the institution "remove all of J-Pay & Securus communications" because gangs are able to use the system for drug transactions, human traffficking, and other nefarious uses. *Id.* Plaintiff's grievance was returned with a response advising that staff at Taylor Correctional Institution lack the ability to either authorize or deny access to J-Pay. *Id.* at 8-9. Plaintiff's appeal was similarly ineffective, and Plaintiff was informed that the Department of Corrections had a contract with J-Pay for services provided and monitored all correspondence sent through J-Pay. *Id.* at 9.

Plaintiff's complaint also includes an additional claim in which Plaintiff contends that he sent three requests to access the law library, but when he followed up with Defendant Biddy on those requests, he was informed that "no requests" had been received. ECF No. 13 at 9. Plaintiff makes conclusory and unsupported claims that his rights were violated by Defendants Edelen and Biddy. *Id.*

Plaintiff's allegations in this case are conclusory and do not reveal that any named Defendant took actions which violate Plaintiff's

constitutional rights.  There are no allegations that any Defendant interfered with Plaintiff's mail, hindered him from accessing the law library, or failed to protect Plaintiff after being informed that Plaintiff was at risk of assault.  Indeed, Plaintiff has acknowledged within the amended complaint that he never advised prison officials that he was in danger from gang members.  Therefore, because it does not appear that Plaintiff can present facts which reveal a basis to continue this case, it is recommended that Plaintiff's amended complaint, ECF No. 13, be dismissed for failure to state a claim upon which relief may be granted.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 10, be **DENIED** and Plaintiff's amended complaint, ECF No. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted.  Further, it is **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 18, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**